O
JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 502475

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA VASQUEZ, on behalf of herself and all other similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST STUDENT, INC.; FIRST STUDENT MANAGEMENT, LLC; DOES 1–50, inclusive,<br><br>    Defendants. | Case No. 2:13-cv-2442-ODW(Ex)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On April 5, 2013, Defendants First Student, Inc. and First Student Management, LLC removed Plaintiff Imelda Vasquez's putative class action to this Court. But after carefully considering the Notice of Removal and supporting declarations, the Court finds that Defendants have failed to establish class-action diversity jurisdiction under 28 U.S.C. § 1332(d). The Court therefore **REMANDS** this case to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit to federal court if the federal court would have had original jurisdiction over the

///

case. 28 U.S.C. § 1441(a). But a court must remand the action to state court if the court finds that it lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Here, Defendants assert that diversity jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there is minimum diversity and the amount in controversy exceeds $5,000,000. (Not. of Removal ¶ 5.) Defendants do not assert federal-question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs are the masters of their complaints and may artfully plead their complaints to avoid federal jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998–99 (9th Cir. 2007). When a plaintiff in a putative class action has pleaded an amount in controversy less than $5 million, "the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Id.* at 1000.

The United States Supreme Court recently held that a district court should disregard a plaintiff's stipulation that purports to limit the amount in controversy to below $5 million. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013). But the Court did not address the effect of a plaintiff's allegation—as opposed to a stipulation—that attempts to cap the amount. It is therefore unclear whether a removing party must prove that the amount in controversy is met by a preponderance of the evidence or to a legal certainty. But this Court need not resolve that uncertainty, because even under the lower standard, Defendants have not established that it is more likely than not that the amount in controversy exceeds $5,000,000.

Here, Vasquez alleges in her Complaint that "the individual claims of the below defined classes are under the $75,000 threshold for [f]ederal diversity jurisdiction and the aggregate claim is under the $5,000,000 threshold for [f]ederal jurisdiction, under the Class Action Fairness Act of 2005." (Compl. ¶ 3.) She does not request a particular amount of relief. (*See id.* at 13.)

But in the Notice of Removal, Defendants allege the amount in controversy is at least $10,358,739. (Not. of Removal ¶ 27.) They calculate this figure based only on Plaintiff's second and third causes of action for failure to provide accurate wage statements and waiting-time penalties, respectively. (*Id.* ¶¶ 22–26.) For the second claim, Defendants multiply the $50 wage-statement penalty authorized by California Labor Code section 226 by 81,364, the number of wage statements issued to California drivers between March 7, 2012, and March 7, 2013, to yield $4,068,200. (*Id.* ¶ 24.) With respect to Vasquez's third claim, Defendants calculate a total of $6,290,539.20 (1,578 drivers separated from employment between March 7, 2010, and March 7, 2013 x $16.61 average hourly rate x 8 hours per day x 30 day maximum waiting-time penalty period under California Labor Code section 203). (*Id.* ¶ 26.)

While Defendants allege an amount over $5,000,000, the figures giving rise to the calculation are problematic. The average hourly rate of California drivers—$16.61—bears little on any alleged failure to pay minimum wage, especially considering that the figure is well above California's current minimum wage. Neither is there any support for multiplying this figure by eight hours per day; that would mean that Defendants never paid their employees for at least 30 days—hardly a reasonable inference. Likewise, the calculation of the $50 wage-statement penalty is defective: Defendants assume that all of the issued wage statements were defective and subject to the $50 penalty.

Since mere conjecture by a removing party does not suffice to invoke diversity jurisdiction, the Court finds that Defendants have not established federal jurisdiction. Thus, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

April 15, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**